ORDERED.

Dated: December 12, 2022

*Lori V. Vaughan*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: )<br> )<br> J.E.L. Site Development, Inc., )<br> )<br> Debtor(s). )<br> )<br>_____ )<br> )<br>Gene T. Chambers, Trustee )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>Park Square Enterprises, LLC and )<br>RLI Insurance Company, )<br> )<br> Defendants. )<br> ) | Case No. 6:19-bk-05398-LVV<br>Chapter 7<br><br><br><br><br><br>Adv. No. 6:22-ap-00003-LVV |

**ORDER DENYING
TRUSTEE'S REQUEST FOR RECONSIDERATION OF
<u>ORDER GRANTING MOTION TO COMPEL ARBITRATION</u>**

THIS CASE came before the Court without a hearing on the Request for Reconsideration of Order Granting Motion to Compel Arbitration (the "Motion") (Doc. No. 19) filed by Plaintiff, Gene T. Chambers, Trustee ("Plaintiff" or "Trustee"). The Trustee seeks reconsideration of the

1

Order Granting Motion to Compel Arbitration entered by the Court over five months ago. Because the Trustee has not established sufficient grounds for reconsideration or timely sought reconsideration, the Motion is denied.

### Background

In January 2022, the Trustee initiated this adversary proceeding against Defendants, Park Square Enterprises, LLC and RLI Insurance Company ("Defendants"). Before responding to the complaint, Defendants filed a motion to compel arbitration of the claims brought by the Trustee.[1] The Trustee filed a response in opposition to the motion to compel arbitration,[2] to which Defendants replied.[3] On April 11, 2022, the Court heard argument on the motion to compel arbitration from the parties' respective counsel and took the matter under advisement.[4]

For the reasons stated in the Order Granting Motion to Compel Arbitration, the Court granted the motion to compel arbitration on June 15, 2022 (the "Order") over the Trustee's opposition.[5] The Order provided a history of the dispute between the Debtor and Defendants, the claims asserted by the Trustee in this proceeding and the Court's analysis supporting its ruling which will not be repeated here. On November 22, 2022, the Trustee filed the Motion.[6]

### Analysis

A motion for reconsideration of a final order is treated as a motion seeking a new trial under Rule 59, Federal Rules of Civil Procedure, incorporated by Rule 9023, Federal Rules of Bankruptcy Procedure. *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). Under this analysis, the Debtor must "demonstrate why the court should reexamine its prior decision, and set

---

[1] Doc. No. 7.
[2] Doc. No. 11.
[3] Doc. No. 14.
[4] Doc. No. 15.
[5] Doc. No. 18.
[6] Doc. No. 19.

forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *In re Stewart*, 280 B.R. 268, 287 (Bankr. M.D. Fla. 2001) (quoting *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998)(internal quotations omitted)). "Courts have recognized three grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear and manifest injustice." *In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998). A motion for a new trial under Rule 59 must be filed no later than 14 days after entry of the final order. Fed. R. Bankr. P. 9023.

Alternatively, under Rule 60, Federal Rules of Civil Procedure, incorporated by Rule 9024, Federal Rules of Bankruptcy Procedure, a party may obtain relief from an order for the following six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered timely to allow a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). A motion for relief from an order under Rule 60(b) must be made within a reasonable time and for reasons (1), (2) and (3) no more than one year after enry of the order. Fed. R. Civ. P. 60(c)(1).

The Trustee did not articulate a legal basis for reconsideration of the Order. To the extent the Trustee seeks reconsideration under Rule 59, the Court finds the request untimely. The Trustee filed the Motion five months after entry of the Order. As result, the Court lacks jurisdiction to grant the Motion under Rule 59. *See In re Southeast Bank Corp.*, 97 F.3d 476, 478 (11th Cir. 1996) (bankruptcy court lacks jurisdiction to grant untimely motion for rehearing). *See* also Fed. R. Bankr. P. 9023; Fed. R. Bankr. P. 9006(b)(2).

To the extent the Trustee requests reconsideration under Rule 60, the Trustee fails to meet her burden. The Trustee argues the Court should reconsider the Order because new evidence demonstrates arbitration would be expensive and that the Trustee did not have an opportunity to fully brief the waiver of arbitration issue as the Supreme Court had not issued *Morgan v. Sundance, Inc*. 142 S.Ct. 1708 (2022).[7] Although the Trustee does not provide a legal basis, the only grounds applicable here are Rule 60(b)(2) and (b)(6).

The Eleventh Circuit has made clear that "[m]otions for a new trial based on newly discovered evidence are highly disfavored" and "should be granted only with great caution." *Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1301-02 (11th Cir. 2019)(quoting *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006)(en banc)). To obtain relief from an order under Rule 60(b)(2), the Trustee must demonstrate (1) the new evidence was discovered after the judgment was entered, (2) she exercised due diligence in discovering that evidence, (3) the evidence was not merely cumulative or impeaching, (4) the evidence was material, and (5) the evidence was likely to produce a different result. *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F.App'x 969, 970-71 (11th Cir. 2015)(citing *In re Global Energies, LLC*, 763 F.3d 1341, 1347 (11th Cir.2014)). Here, the Trustee has not satisfied the foregoing criteria. In particular, the Trustee has not shown the evidence is material to the Court's decision and that the documents would likely produce a different result.

To obtain relief under Rule 60(b)(6), the Trustee must prove more than a mere change in law. *Madura v. BAC Home Loans Servicing, LP*, 734 F.App'x 629, 633 (11th Cir. 2018). The Trustee must persuade the court that the circumstances are sufficiently extraordinary to warrant

---

[7] While the Court had this matter under advisement, the Supreme Court decided *Morgan v. Sundance, Inc.* on May 23, 2022 which held courts may not create arbitration specific variants of federal procedural rules based on the Federal Arbitration Act's "policy favoring arbitration." *See* 142 S.Ct. at 1714.

relief from the order. *Id*. Here, the Court considered and applied *Morgan v. Sundance, Inc*. as discussed in the Order. The Trustee's inability to fully brief *Morgan* are not circumstances sufficiently extraordinary to call for relief under Rule 60(b)(6). All other arguments raised by the Trustee in the Motion are an attempt to relitigate issues already decided. *See In re Parker*, 378 B.R. 365, 371 (Bankr. M.D. Fla. 2007) (a motion for reconsideration is not grounds to reargue or relitigate issues already decided). Accordingly, it is

**ORDERED** that the Motion (Doc. No. 19) is **DENIED**.

Attorney Carly M. Newman is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.